IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00094–REB–KMT

KENNETH THREADGILL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Doc. No. 21, filed May 16, 2011 [Mot.].) For the following reasons, the court recommends that Defendant's Motion be granted.

**FACTUAL BACKGROUND**

    The following factual background is derived from Plaintiff's Amended Prisoner Complaint (Doc. No. 6, filed Jan. 31, 2011 [Am. Compl.]), as well as the parties' briefing with respect to this Recommendation. Plaintiff is a federal inmate housed at the United States Penitentiary in Tuscon, Arizona. (Mot. at 1.) In this case, Plaintiff alleges that Defendant was negligent in placing him in a prison environment that was hostile to sex offenders, and which resulted in him being assaulted on two separate occasions.

On January 14, 2008, Plaintiff was sentenced to a term of 85 years (Am. Compl. at 3) after being convicted of different counts of child pornography (Doc. No. 23, filed May 26, 2011, at 3 [Resp.]). The Federal Bureau of Prison's (BOP) "Designation and Sentence Computation Center" originally assigned Plaintiff to the United States Penitentiary in Florence, Colorado (hereinafter "USP Florence"). (Am. Compl. at 3.)

Plaintiff arrived at USP Florence on March 6, 2008. (*Id.* at 4.) On March 26, 2008, Plaintiff was physically assaulted by two inmates from "a gang that is known to assault people, especially inmates that have sexual offenses." (*Id.*) As a result of this assault, Plaintiff was left in "a half unconscious state" and was rushed to an outside hospital where he underwent surgery to repair several facial fractures and was treated for other cuts and abrasions. (*Id.*)

Three days later, Plaintiff returned from the hospital and was placed in a special housing unit for his protection while he waited for a transfer to a more suitable prison. (*Id.*) However, on June 9, 2008, Plaintiff was assaulted again, this time by his cell mate in the special housing unit, after the cell mate discovered that Plaintiff was a sex offender. (*Id.*)

Plaintiff maintains that USP Florence was "gang related prison" known for assaults on sex offenders. (*Id.*) Consequently, Plaintiff maintains that staff members at the BOP's "Designation and Sentence Computation Center" neglected Plaintiff's safety by placing him at USP Florence. (*Id.*)

**PROCEDURAL HISTORY**

Plaintiff filed his Amended Complaint on January 31, 2011 alleging a single negligence claim pursuant to the Federal Tort Claims Act (FTCA). (*Id.* at 3–4.) Defendant filed its present Motion on May 16, 2011. On May 26, 2011, Plaintiff filed a Response to Defendant's Motion (*see* Resp.) as well as a Brief in Support thereof (Doc. No. 24 [Brief]). In those documents, Plaintiff maintained that he had not been served with Defendant's Motion, and therefore he responded to what he believed might be the arguments raised in Defendant's Motion. (*See* Resp.) On July 1, 2011, Plaintiff moved to amend his Brief in order to more properly respond to Defendant's Motion, which he ultimately received on June 16, 2011. (Doc. No. 25 [Am. Brief].[1]) The court granted Plaintiff's motion to amend on July 15, 2011, informed the parties that it would consider Plaintiff's Response, Brief, and Amended Brief, and ordered Defendant to file its reply, if any, by July 29, 2011. (Doc. No. 28.) Defendant did not file a reply by that date, or at any time thereafter. Accordingly, Defendant's Motion is ripe for review and recommendation.

**LEGAL STANDARDS**

*A.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also*

---

[1] Plaintiff's motion to amend his Brief also contains his amended arguments to Defendant's Motion. As such, notwithstanding the fact that it is titled as a motion, the court refers to it as Plaintiff's Amended Brief for purposes of this Recommendation.

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d

906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

In its Motion, Defendant argues that the court lacks subject matter jurisdiction over Plaintiff's claim. More specifically, Defendant maintains that it is entitled to sovereign immunity under the FTCA's "discretionary function exception."[2] (Mot. at 3-8.)

While the FTCA, 28 U.S.C. §§ 2671–2680, constitutes a limited waiver of the United States' sovereign immunity, it is subject to several exceptions. One of those exceptions is commonly referred to as the "discretionary function" exception. 28 U.S.C. § 2680(a). That

---

[2] Defendant also maintains that Plaintiff's allegations that he was assaulted on June 9, 2008 are barred by the applicable statute of limitations; however, because the court finds that the discretionary function exception applies, the court does not address this latter argument.

5

exception provides that the FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* This discretionary function exception to the FTCA's waiver of sovereign immunity is "a jurisdictional prerequisite to suit, which [P]laintiff must ultimately [overcome] as part of his overall burden to establish subject matter jurisdiction." *Baird v. United States*, 653 F.2d 437, 440 (10th Cir. 1981).

The court employs a two-part test to determine whether the discretionary function exception applies to a government action. First, the court must consider whether the conduct at issue was "discretionary," meaning "whether the action is a matter choice for the acting employee." *Berkovitz v. United States*, 486 U.S. 531, 536 (1991). "Conduct is not discretionary if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event the employee has no rightful option but to adhere to the directive.'" *Garcia v. U.S. Air Force,* 533 F.3d 1170, 1176 (10th Cir. 2008) (quoting *Berkovitz,* 486 U.S. at 536).

If the answer to the first consideration is yes, then the Court must determine "whether the type of action at issue is 'susceptible to policy analysis.'" *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008) (quoting *United States v. Gaubert*, 499 U.S. 315, 322, 325 (1991)). In so doing, the court does not consider the employee's "subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert,* 499 U.S. at 325. Altogether, "the

6

purpose of the exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Gaubert*, 499 U.S. at 323 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)).

The court finds that the first prong of the discretionary function exception is satisfied in this case. Although the placement of inmates is guided by a statutory framework, that statutory framework does not "specifically prescribe[]" or mandate "a course of action for an employee to follow." *Berkowitz,* 486 U.S. at 536.

First, although the statute cited by Plaintiff provides that "correctional institutions *shall* be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners," to achieve those ends, the statute grants prison officials substantial discretion to consider and weigh "the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment" of inmates.  18 U.S.C. § 4081 (emphasis added); *see also Steele v. United States,* No. 09–cv–015557–CMA-CBS, 2010 WL 2501200, at *6 (D. Colo. June 15, 2010) (unpublished) (concluding that although 42 U.S.C. § 4042, discussed *infra,* uses the word "shall," it nevertheless grants prison officials discretion to administer that statute).  Similarly, courts considering another statutory provision setting forth guidelines for the care of prisoners, 18

U.S.C. § 4042,[3] have concluded that the section does not mandate a specific course of conduct. *Steele*, 2010 WL 2501200, at \*6; *Cohen v. United States,* 151 F.3d 1338, 1343 (11th Cir. 1998); *Calderon v. United States,* 123 F.3d 1338, 1343 (7th Cir. 1997); *Garza v. United States,* 161 F. App'x 341, 343 (5th Cir. 2005) (unpublished)*; Queen v. United States,* No. 05–3341–KHV, 2007 WL 628182, at \*4 (D. Kan. Feb. 26, 2007) (unpublished).

---

[3] In pertinent part, Section 4042 provides that:

> The Bureau of Prisons, under the direction of the Attorney General, shall . . . (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

18 U.S.C. § 4042(a)(2)–(3).

Finally, the court agrees with Defendant that 18 U.S.C. § 3621(b)[4] does not mandate a specific, non-discretionary course of conduct for the BOP to follow in classifying prisoners and placing them in a particular institution. *Cohen,* 151 F.2d at 1343. Instead, it gives "the BOP ample room for judgment by listing a non-exhaustive set of factors for the BOP to consider," which indicates "Congress' intent to allow the BOP to rely on its own judgment in classifying prisoners and placing them into institutions." *Id.*

The court also finds that the second prong of this discretionary function exception is satisfied because deciding how to classify and place inmates is clearly susceptible to policy analysis. *Gaubert,* 499 U.S. at 325. The court first notes that "[w]hen established governmental policy, as expressed or implied by statute, . . . allows a Government agent to exercise discretion,

---

[4] In pertinent part, Section 3621(b) provides that:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence–
        (A) concerning the purposes for which the sentence
        to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional
        facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 324. In any event, inmate placements decisions, even those that ultimately lead to injury, routinely have been found to satisfy this second discretionary functions prong due to the myriad of policy considerations at issue. *Cohen,* 151 F.3d at 1344 (barring FTCA claim involving assault from negligent classification); *Morales v. United States,* 371 F. App'x 528, 533 (5th Cir. 2010) (unpublished) (BOP's placement of prisoner triggers discretionary function exception); *Enlow v. United States*, 161 F. App'x 837, 839–40 (11th Cir. 2006) (unpublished) (same); *Muick v. Reno*, 83 F. App'x 851 (8th Cir.2003) (unpublished) (FTCA claim arising from inmate attack barred by discretionary function exception based on BOP's staffing, classification and placement of inmates).

Altogether, the court finds that Defendant's decision to place Plaintiff at USP Florence clearly falls within the discretionary function exception to the FTCA, and that, as a consequence, Defendant is entitled to sovereign immunity from Plaintiff's claim. Accordingly, the court finds that Plaintiff's Amended Complaint is properly dismissed for lack of subject-matter jurisdiction.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that

"Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 21) be GRANTED, and that this case be dismissed in its entirety for lack of subject matter jurisdiction.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st day of December, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge