**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00094-REB-KMT

KENNETH THREADGILL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendant's Motion To Dismiss for Lack of Subject Matter Jurisdiction** [#21][1] filed May 16, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#30] filed December 1, 2011. The plaintiff filed objections [#32] to the recommendation. I overrule the objections, approve and adopt the recommendation, grant the motion to dismiss, and dismiss this case.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

    Because plaintiff is proceeding *pro se*, I have construed his pleadings and other

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

The recommendation is detailed and well-reasoned. Contrastingly, the plaintiff's objections are imponderous and without merit.

The plaintiff is incarcerated in the federal Bureau of Prisons (BOP). In his complaint [#1], he alleges that the United States was negligent when it placed him at the United States Penitentiary at Florence, Colorado. The plaintiff alleges that the BOP officials who placed the plaintiff at this penitentiary knew or should have known that it was likely that the plaintiff would be assaulted there. The plaintiff alleges that he was assaulted at the penitentiary and suffered significant injuries as a result.

In its motion to dismiss, the United States argues that this court does not have subject matter jurisdiction over this case. This is so, the United States contends, because the discretionary function exception of the Federal Tort Claims Act is applicable to this case. In her recommendation, the magistrate judge details the application of the discretionary function exception to this case. The analysis and conclusions of the magistrate judge are correct. The plaintiff's arguments as stated in his objections [#32] do not undermine the validity of the analysis of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#30] filed

December 1, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the plaintiff's objections [#32] to the recommendation are **OVERRULED**;

3.  That the **Defendant's Motion To Dismiss for Lack of Subject Matter Jurisdiction** [#21] filed May 16, 2011, is **GRANTED**;

4.  That under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 12(b)(1), the plaintiff's complaint [#1] and this case are **DISMISSED**;

5.  That **JUDGMENT SHALL ENTER** in favor of the defendant, the United States of America, against the plaintiff, Kenneth Threadgill;

6.  That the defendant is **AWARDED** its costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 28, 2012, at Denver, Colorado.

                                   **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

3